

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2009 APR -1 AM 9:39

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No.: 6:08-CR-15 |
| v. | ) | |
| | ) | |
| CHRISTIAN J. NAVOY, et al. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea to Count One of the Indictment, for which the government sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853, Defendant Christian J. Navoy shall forfeit to the United States any property constituting or derived from proceeds obtained directly or indirectly, as a result of the commission of the offense(s) charged and any property used or intended to be used in any manner or part to facilitate the commission of the offense(s) charged.

2. As a result of the Consent to Forfeiture Agreement entered into as part of the Pre-Trial Diversion Agreement with the government, Defendant Jennifer L. Navoy shall forfeit to the United States any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the commission of the offense(s) charged and any property used or intended to be used, in any manner or part, to facilitate the commission of the offense(s) charged.

3. The Court has determined, based on evidence in the Plea Agreement and the Consent to Forfeiture Agreement, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853, and that the government has established the requisite nexus between such property and the offense(s):

|     |     |
| --- | --- |
| (1) | 8585 Sentinae Chase Drive, Roswell, Georgia 30076 |
| (2) | 146 Golf Club Drive, Santa Rosa Beach, Florida 32459 |
| (3) | Lot 17 in Country Club Hills Subdivision, PARCEL NO. 342S20332910000170, Walton County, Florida |
| (4) | 2003 AMGE Hummer Sport Utility Vehicle, VIN # 5GRGN23UX3H133220 |
| (5) | 2007 Jeep, VIN # 1J4GA39107L137550 |
| (6) | 2006 Lotus Elise, VIN # SCCPC11116HL30645 |
| (7) | Approximately $445,736.05 in U.S. Currency |
| (8) | $7400 in United States Postal Money Orders |

(collectively, "the Property")

4. Upon entry of this Order, the United States Marshal or his designee is authorized to seize the Property, whether held by the Defendants or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the Property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Property.

7. Any person, other than the above named Defendants, asserting a legal interest in the Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Property and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall

become final as to the Defendants at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. Any petition filed by a third party asserting an interest in the Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Property, the time and circumstance of the petitioner's acquisition of the right, title or interest in the Property, any additional facts supporting the petitioner's claim and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

12. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney, Jessica L. McClellan, United States Attorney's Office for the Southern District of Georgia, 100 Bull Street, Suite 201, Savannah, Georgia 31401.

\*\*\*\*\*\*\*\*\*\*\*\*
**IT IS SO ORDERED.**

This _1st_ date of _April_ 20__.

_____
JUDGE B. AVANT EDENFIELD
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Prepared by: Jessica L. McClellan
Assistant United States Attorney
Georgia Bar No. 235515
100 Bull Street
Savannah, Georgia 31401
(912) 652-4422

U.S. v. Navoy
CR6:08-15

4